George Kasboske ⟩
Hannah Kasboske ⟩
⟩
     Plaintiffs ⟩ United States District Court
⟩ Northern District of Illinois
     V ⟩
⟩ **1:16-cv-05129**
J. P. Morgan Chase Bank, NA, also DBA ⟩ **Judge Robert M. Dow, Jr.**
Chase Home Finance L. L. C. et. al, ⟩ **Magistrate Judge Young B. Kim**
Pierce & Associates et. al., ⟩
Judge Michael T. Mullen, et. al., ⟩
Judge John H. Ehrlich, et. al., ⟩
Judge Loretta Eadie-Daniels, et. al. ⟩

     Defendants

**RECEIVED**

MAY 1 1 2016

COMPLAINT

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

Now Come the Kasboske's (George & Hannah), hereinafter known as the Plaintiffs, who hereby

bring forth this lawsuit based on the illegal actions set forth by Pierce & Associates et. al., J.P

Morgan Chase Bank, N.A. legal representatives, J. P. Morgan Chase Bank, NA, also DBA, J. P.

Morgan Home Finance L. L. C. et. al., and J. P. Morgan Bank, NA, also DBA, J. P. Morgan

Finance L. L. C. et.al., hereinafter, the Defendants. All parties were acting in Concert and

Participation to defraud the Kasboske's of their property located at 9040 South 85th Avenue in

Hickory Hills, Illinois, 60457, through the Circuit Court of Cook County, Chancery Division,

CH 10 43017, but ignored the 63 Civil 3106 Injunction.

As a result, The Chancery Court and the Defendants violated the Kasboske's state's rights, and

federal rights under federalism.

This lawsuit is based on the Illegal Actions, Means, and Methods used to procure the Kasboske's property through Anti-Trust violations and restraint of trade. These issues were ignored by the Chancery Court, and, as a result, violated Mr. Kasboske's rights to free speech. The following Constitutional Articles (IV), (VII), (XIII) and (XIV) were violated based on the fact that the Kasboske's, as Pro Se Defendants, who participated in their defense as guaranteed under the Constitution of the United States, were not allowed to enter exculpatory evidence that would prosecute their defense under the Constitution. In fact, they were restrained in trade and commerce by the above defendants through their professional licenses, which were obtained through the American Bar Association, who were also co-conspirators. This organization also set the testing standards at law schools for all attorney licensing to pass the Bar and were consenting participants under 63 Civil No. 3106 Entered: November 27, 1963. (Exhibit A.) See National Uniform Code 62 Partial (Exhibit B.) which shows that participants included associations, corporations and government entities that was eventually repealed, and the Illinois Anti-Trust Act (Exhibit C.) This lawsuit also involves Violations of Patent Laws and Civil Rights Violations, which represent monopolistic and oligarchic practices, which the Kasboske's are already protected from.

Even the Judges that are cited later in this lawsuit, either knowingly or unknowingly, are Defendant parties in 63 Civ. 3106, who are consenters and successor entities through their predecessors, and are subject to the Judgment. As such, they cannot rule against the Kasboske's, as they have a conflict of interest.

2.

In spite of Mr. Kasboske's ANSWER IN CIVIL ASSET FORFEITURE PROCEEDING (3100),
filed 11-9-15 (Exhibit D.), Judge Mullin ignored Mr. Kasboske's answer. In Number 6., Mr.
Kasboske stated: "See attached. Antitrust, 63 Civ. 3106, George and Hannah Kasboske are
protected by attached Judgement from Chase Bank and the courts as IICMVA / AAMVA." But,
there was no acknowledgement from the Court or the Defendants in writing to this matter.

Mr. Kasboske again answered Plaintiff in DEFENDANT'S ANSWER TO PLAINTIFF'S
REPLY IN SUPPORT OF ITS MOTION FOR ORDER APPROVING REPORT OF SALE AND
DISTRIBUTION AND POSSESSION, filed 11-20-15 (Exhibit E.), stating: "Chase Bank and the
Judiciary System are members of IICMVA and AAMVA, which are descendants under 63 Civ.
3106. Furthermore, they have a Judgment entered against them, and cannot act against George
and Hannah Kasboske, as all judicial proceedings are illegal. As such, they are in conflict of
interest, contempt of court, and are in violation of the terms of the injunction." Again, there was
no response by the Court or Defendants to this matter.

In addition, J. P. Morgan Chase Bank, NA never requested on the loan applications, that were the
subject of the foreclosure proceedings, if the Kasboske's were protected by any contracts or
agreements from the bank or by the bank, such as in 63 Civ. 3106 or the Illinois Anti-Trust Act.
No wording of this nature exists anywhere, which should have been stated as a disclaimer, but it
was not. In spite of Mr. Kasboske's requests for copies of these loan documents, they were never
received.

3.

## Consent Decree

1. Pursuant to a final judgment ("Antitrust Judgment") issued on November 27, 1963 in the District Court of the United States for the Southern District of New York in that certain lawsuit, encaptioned, United States of America, Plaintiff, v. Association of Casualty and Surety Companies, American Mutual Insurance Alliance and the National Association of Mutual Casualty Companies, Defendants, 63 Civil Action No. 3106, the court therein ordered that each defendant be enjoined from, among other things, placing into effect any plan, program or practice which has the purpose or effect of exercising any control over the activities of any appraiser of damage to automotive vehicles. See Article IV of the Antitrust Judgment. The provisions of the Antitrust Judgment are binding upon each defendant therein and upon its officers, directors, agents, servants, employees, committees, successors and assigns, and upon all other persons in active concert or participation with any defendant who shall have received actual notice of the Antitrust Judgment by personal service or otherwise. See Article II of the Antitrust Judgment.

2. The entities which succeeded or evolved from the original defendants in the Suit are founding members of Insurance Industry Committee on Motor Vehicle Administration ("IICMVA") The IICMVA (Exhibit F.) is an all industry advisory group (committee) formed in 1968 as the official liaison between the insurance industry and the motor vehicle departments of the United States and Canada. The IICMVA Antitrust Declaration was issued as a result of the Antitrust Judgment.

4.

See Article V of the Antitrust Judgment. Attached to this Motion is a description of the evolution and succession of the original three defendants with respect to the Antitrust Judgment into those entities that are members of IICMVA. Also a member of IICMVA is the American Association of Motor Vehicle Administrators ("AAMVA"). Collectively these entities and organizations are referred to as "Successor Entities". These entities are participants in the administration of state motor vehicle laws, including Illinois. See Background, Lineage, Etc. (Exhibit G.) and Certified Commonwealth of Virginia, FIFTH, (Exhibit H.) which states:

"The membership shall consist of motor vehicle administrators and other officials having responsibility for the administration and enforcement of motor vehicle laws and regulations, or other representatives in similar capacity, of the states and provinces as hereinafter set forth, and such other members as the corporation may from time to time elect to membership in accordance with the constitution and bylaws: " (All United States states and Canadian provinces listed).

The previous paragraph references the executive, legislative and judicial branches of all of the states and provinces, which have exempted the IGOI and Mr. Kasboske, as its member, from being part of a class from any control, insurance, taxation and collective bargaining, and are in conflict otherwise.

J.P. Morgan Chase Bank, NA is a member of AAMVA (Exhibit I.), which is a direct descendant

5.

under the Federal Consent Decree 63 Civil No. 3106. J. P. Morgan Chase Bank, NA has divested itself of the Kasboske's property through Federal National Mortgage Association. George Kasboske, being an independent appraiser of the material damage repair, claims, and appraisal business, is a member and director of the IGOI (Independent Garage Owners of Illinois) (Exhibit J.), and is a beneficiary of the Judgment. As such, each Defendant is perpetually enjoined from, among other things, placing into effect any plan, program or practice which has the purpose or effect of exercising any control over the activities of any appraiser of damage to automotive vehicles. Kasboske has been an independent appraiser of motor vehicle damage since 1962, when he was a manager of his father's Welco Gas Station. See Kasboske History (Exhibit K.).

The Plaintiffs acted in concert and participation to illegally obtain the Kasboske's property located at 9040 South 85th Avenue in Hickory Hills, Illinois, 60457. J. P. Morgan Chase Bank, NA is a member of American Association of Motor Vehicle Administrators (AAMVA) and the Insurance Industry Committee on Motor Vehicle Administration (IICMVA), which violated the Judgment. Entered: November 27, 1963 UNITED STATES OF AMERICA, Plaintiff, v. ASSOCIATION OF CASUALTY AND SURETY COMPANIES; AMERICAN MUTUAL INSURANCE ALLIANCE; and NATIONAL ASSOCIATION OF MUTUAL CASUALTY COMPANIES, Defendants, of which Mr. George Kasboske is a beneficiary. Mr. Kasboske is a Director of The ( IGOI), Independent garage Owners of Illinois, and the aforementioned parties are the direct defendants of this Federal Act. No. Civ 3106. Therefore, all the action taken against

6.

the Kasboske's to obtain their property was not done in accordance with Federal Law.

## Plaintiff's Court Filings Ignored

The Defendants further violated the Kasboske's constitutional and civil rights by filing defective documents in the Chancery Court without concern to violating the Pro Se Defendants' rights under 63 Civil 3106. Judge Loretta Eadie-Daniels et. al., Judge John H. Ehrlich et. al. and Judge Michael T. Mullen et.al., knowingly or unknowingly, sustained these illegal documents, and the breaking of Federal Banking Laws, as well as Illinois Anti-Trust Laws, by not addressing these matters, as dictated by both Federal and Illinois Laws as Pro Se Attorney.

Attached is the Case Information Summary for Case Number 2010-CH-43017 through 8-23-13 (Exhibit L.). The problem is that Mr. Kasboske challenged these issues on 11-24-10 (via an Appearance Filed Waiver, an Answer to Complaint Filed, and a 298 Petition Filed), on 12-8-10 (via a Motion), on 7-19-11 (he made a Request Filing), and more recently, on 11-9-15 (Answer in Civil Asset Proceeding (3100) (Exhibit D.) as well as via Exhibit E., which were ignored by the Courts and the Defendants.

## Violations of Patent Laws

The Defendants further violated the Kasboske's constitutional and civil rights by claiming

7.

privately and corporately owned intellectual patented property of K-Tech R & D Corporation and Stealth Light Corporation as the property of the Defendants, of which Mr. Kasboske is President of both corporations, as well as a stockholder. J. P Morgan Chase Bank, NA proceeded to claim its ownership of several patents acquired by George Kasboske, without legal due process and without any regard to Federal, Constitutional or State Laws. The Kasboske's have indisputable and inviolable proof.

Per the Judgment, VIII EFFECTS, Paragraph 25, it states:

3. That each of the defendants be enjoined from, either individually or in concert with others:
(3) exercising any control over or influence upon the activities of any appraiser;

Furthermore, J. P. Morgan Chase Bank, NA further violated IICMVA's Anti-Trust Declaration, which states: These laws (antitrust and unfair competition laws) forbid individuals and organizations such as ours from agreeing to restrain marketplace competition or other behavior regarded as unfair competition.

By illegally claiming patent ownership, J. P. Morgan Chase Bank, NA exercised control over Mr. Kasboske's activities, which violated the above provisions.

Clearly, the Defendants' actions with respect to their claimed illegal ownership of Kasboske's

8.

patents violated Kasboske's rights under (3) above. Defendants agreed not to exercise any control or influence upon the activities of any appraiser, but nonetheless their claim of patent ownership represents control and influence over his activities, which violate the Judgment.

These actions were done without any consideration as to the damage it would cause the Kasboske's and the small companies that the Kasboske's held stock in. Judge Loretta Eadie-Daniels et. al., Judge John H. Ehrlich et. al. and Judge Michael T. Mullen et. al., knowingly or unknowingly, sustained these illegal motions and actions by the Defendants, who worked in concert and participation by enabling these false claims on federally controlled intellectual property on the World Wide Web (Exhibit M.). These actions prohibited Mr. Kasboske from performing and upholding his duties as Presidents of K-Tech R & D Corporation and Stealth Light Corporation. Plaintiffs believe that these actions make the Defendants guilty of Libel, Wire Fraud, Plagiarism, Attempted Theft of Federally Controlled Intellectual Patented Property, Without Legal Due Process, and Defamation Of Character.

Just as the Defendants violated the Plaintiffs' rights under the Consent Decree by controlling his activities, they continued to do so by inhibiting fair trade—by claiming patents which were not theirs, as their own intellectual property, without legal due process.

Because of all the illegal actions executed by the Defendants, the Kasboske's respectfully request that the Court enforce the Injunction and accord whatever other relief may be available, including monetary and any other damages.

9.

Respectfully submitted,

George Kasboske; Hannah Kasboske

George Kasboske, Pro Se

George Kasboske

Hannah Kasboske

9040 South 85th Avenue

Hickory Hills, IL 60457

(708) 430-9971

georgekasboske4710@comcast.net

10.